UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Anderson v. GM Motors & Shareholders, 21-CV-1006*
----------------------------------------------------------------------------x

14-MD-2543 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On September 22, 2021, Defendant New GM filed a motion for civil contempt, asking the Court to (1) find Plaintiff Larry Anderson in civil contempt of the Court's Order dated August 17, 2021, ECF No. 8598; (2) hold that the revised settlement agreement is valid and fully enforceable; (3) dismiss Mr. Anderson's case with prejudice; and (4) require Mr. Anderson to pay a portion of New GM's attorney's fees for the contempt motion equal to the amount that New GM would otherwise have paid Mr. Anderson pursuant to the settlement agreement. *See* ECF Nos. 8604, 8605.[1] Mr. Anderson opposed the motion and submitted a signed copy of the revised settlement agreement, albeit with extensive handwritten edits. *See* ECF Nos. 8630, 8631, 8633. Thereafter, New GM filed a reply, stating that it does not consent to Mr. Anderson's edits to the agreement and urging the Court to deem Mr. Anderson to have signed the revised (but unmodified) agreement and to impose sanctions on Mr. Anderson. *See* ECF No. 8645.[2] Finally, Mr. Anderson sent a letter to the Court dated November 2, 2021, which appears to be an unauthorized sur-reply. *See* ECF No. 8673.

---

[1]   All docket references are to Case No. 14-MD-2543.

[2]   New GM's reply requested that enforcement of the settlement agreement, which requires Mr. Anderson to crush his GM vehicle, be delayed until the car could be inspected in connection with a separate lawsuit. *See* ECF No. 8645 at 7. The Court understands that the inspection has now occurred and, thus, this issue has been mooted. *See* ECF No. 8692.

Substantially for the reasons stated in New GM's motion, the Court deems Mr. Anderson to have signed the revised settlement agreement *without* his added handwritten notations, which materially alter the agreement and to which New GM has not agreed. *See, e.g.*, *Acun v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 852 F. App'x 552, 556 (2d Cir. 2021) (summary order) (affirming enforcement of an oral settlement as to the pro se plaintiff, despite the plaintiff's later change of heart and refusal to sign a written agreement). The revised settlement agreement is deemed to be the parties' final, binding agreement. In view of Mr. Anderson's *pro se* status, however, the Court declines to exercise its discretion to award attorney's fees to New GM. *See, e.g.*, *McCray v. Cty. of Orange*, No. 12-CV-3950 (CS), 2015 WL 13373605, at *2 (S.D.N.Y. Dec. 3, 2015) (granting a motion to enforce an oral settlement agreement but declining to award fees due to the "special solicitude" afforded to *pro se* plaintiffs), *aff'd in relevant part*, 688 F. App'x 74 (2d Cir. 2017).

Accordingly, New GM's motion is GRANTED in part and DENIED in part. When New GM pays the settlement amount to Anderson, it shall file proof of the same with the Court, at which time New GM may request dismissal of this case with prejudice. **Within two business days of the date of this Memorandum Opinion and Order**, New GM shall serve a copy of this Memorandum Opinion and Order on Anderson and file proof of such service on the docket.

Finally, the Court agrees with New GM's proposed redactions, which are approved in full.

SO ORDERED.

Dated: December 21, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge